IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAKENDRA BRYANT,

    Plaintiff,

    v.

WESTLAKE MANAGEMENT SERVICES, INC.
*d/b/a NAPCO Pipe and Fitting*,

    Defendant.

Case No. 21-1058-JAR-ADM

## MEMORANDUM AND ORDER

This is an employment discrimination case that Plaintiff LaKendra Bryant ("Bryant") brought against her former employer, Westlake Management Services, Inc. d/b/a NAPCO Pipe and Fitting ("Westlake"). About two months after discovery opened, Bryant's counsel of record withdrew from representing her, leaving her to proceed pro se. From that point on, Bryant stopped participating in the case. She did not respond to Westlake's written discovery, she did not appear for her deposition or court-ordered mediation, she did not respond to Westlake's motion to compel, and she did not respond to any of Westlake's several attempts to communicate with her about these matters. She also did not respond to the court's order to show cause why she should not be required to pay Westlake's reasonable expenses incurred in bringing the motion to compel, and she did not comply with the court's order compelling her to provide discovery responses. In short, Bryant has shown no interest in prosecuting this case for months.

This matter is now before the court on Westlake's Motion for Sanctions. (ECF 30.) Westlake asks the court to dismiss the case and award Westlake its reasonable expenses incurred in connection with Bryant's failure to appear at her deposition or mediation. Bryant did not

respond to this motion, either. For the reasons explained below, the court recommends that the district judge dismiss this case with prejudice—a dispositive sanction—and therefore the court issues a report and recommendation as to this aspect of Westlake's motion. *See* FED. R. CIV. P. 72(b). As to the remaining aspect of Westlake's motion seeking monetary sanctions, the court awards Westlake $7,721.15 for Bryant's nonappearances at her deposition and mediation. The court also finds that Westlake is entitled to its reasonable expenses incurred in bringing its motion to compel and directs further briefing so that the court can determine the amount to award.

## I.     BACKGROUND

On March 1, 2021, Bryant filed this case against Westlake asserting claims for hostile work environment, discrimination based on race, and retaliation in violation of Title VII. (ECF 1.) On May 12, the court entered a scheduling order that established various case-management deadlines. (ECF 12.) Among other things, the court ordered mediation according to the parties' agreement, including requiring them to file a joint mediation notice by June 11 and to participate in mediation by September 9. (*Id.* ¶ 1, at 3.) The parties also agreed that Westlake would have the opportunity to depose Bryant before mediation. (*Id.*) In addition to mediation-related deadlines, the scheduling order set an October 20 deadline to complete discovery, a pretrial conference on November 3, a December 3 dispositive motion deadline, and a trial setting on August 9, 2022. (*Id.* at 2.)

On June 11, the parties filed a joint notice designating Kurt A. Harper to mediate the case beginning at 9:00 a.m. on August 11 in Wichita. (ECF 18.) Bryant's responses to Westlake's first interrogatories and requests for production were also originally due on June 11. But Westlake consented to multiple extensions of that deadline—first, an extension to June 18, then

another extension to June 25. (ECF 24 ¶¶ 4-5.) On June 25, Bryant's counsel moved to withdraw, and Westlake agreed to yet another extension to July 9. (*Id.* ¶¶ 5-6; ECF 19 ¶ 2.) On the motion to withdraw, the court ordered Bryant's counsel to confirm that they had provided Bryant with notice of the August 11 mediation. (ECF 20.) In a subsequent affidavit, counsel confirmed that they had advised Bryant that she needed to comply with all court orders and deadlines, including appearing for the August 11 mediation. (ECF 21 ¶ 1.) Specifically, counsel advised Bryant "that mediation is currently scheduled for August 11, 2021" and provided her with "the name, address, telephone number and email address for the mediator." (*Id.*)

On July 9, the day Bryant's discovery responses were due (after the third extension), Westlake sent Bryant correspondence via Federal Express and email to inform her that she had not yet provided responses to Westlake's opening discovery requests. (ECF 24-3 ¶ 6; ECF 30-1, at 1.) Westlake also reminded Bryant that it intended to take her deposition before the August 11 mediation and asked her to contact Westlake's counsel to schedule a date and time that would be convenient for her. (ECF 30-1, at 1.) Bryant did not respond. (ECF 30 ¶ 10.) On July 21, Westlake again tried to contact Bryant via email and mail, asking that she provide dates for her deposition. (ECF 30-3, at 2.) Westlake again reminded Bryant of the outstanding discovery responses, the upcoming mediation, and that Westlake intended to depose Bryant before mediation according to the parties' agreement as reflected in the scheduling order. (*Id.*) At that point, Westlake told Bryant that this would be Westlake's final attempt to discuss her deposition and the outstanding discovery responses and that Westlake would be forced to file a motion to compel if it did not hear from Bryant by July 26. (*Id.*) Again, Westlake heard nothing from Bryant. So, on July 28, Westlake noticed Bryant's deposition for 10:00 a.m. on August 10 and filed a motion to compel Bryant to respond to Westlake's written discovery, including asking the

3

court for its fees and expenses incurred in filing the motion to compel. (ECF 24 & 26.) That same day, Westlake mailed and emailed Bryant copies of the motion to compel and the deposition notice. (ECF 30-4.)

Again, Westlake heard nothing from Bryant and received no indication that she did not plan to attend her deposition or mediation. (ECF 30 ¶ 15.) On August 9, Westlake's counsel traveled from the St. Louis area to Wichita for Bryant's deposition on August 10 and mediation on August 11. On August 10, Westlake's counsel and a court reporter appeared for Bryant's deposition, but Bryant did not. (ECF 30-5.) The following day, Westlake's counsel and the mediator appeared for mediation, but, again, Bryant did not. (ECF 30-6.)

Bryant also did not respond to Westlake's motion to compel. The court granted the motion on August 12 and, given Bryant's pro se status, the court allowed her until September 2 to serve her discovery responses. (ECF 27, at 2.) And because Federal Rule of Civil Procedure 37(a)(5)(A) presumptively requires the court to award the movant its reasonable expenses incurred in bringing the motion, the court ordered Bryant to show cause by September 2 why she should not be required to pay Westlake's reasonable expenses. (*Id.* at 2-3.) The order states as follows:

> The court notifies Ms. Bryant that if she fails to serve her discovery responses or fails to file her show cause response by **September 2, 2021**, as required by this order, she may be subject to further sanctions. *See* FED. R. CIV. P. 37(b)(2)(A). These sanctions could include an order dismissing her case. Further, the court has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.

(ECF 27, at 3 (internal quotations and citations omitted).) Again, Bryant did not respond to the show-cause order or provide the court-ordered discovery responses to Westlake.

4

On September 3, Westlake filed the current motion for sanctions that is now before the court. Westlake asks the court to dismiss this case with prejudice for Bryant's repeated failures to appear and noncompliance with court orders. Westlake also asks the court to order Bryant pay Westlake's reasonable expenses, including attorneys' fees, incurred in connection with Bryant's failure to appear for her deposition or mediation. The court ordered Westlake to file a supplement to its motion to include the amounts sought for each category of expenses and the court gave Bryant an October 7 deadline to respond to the supplement. (ECF 31.) Westlake filed the supplement. (ECF 33.) Again, Bryant did not respond to the motion itself, the supplement, or the court's prior show-cause order regarding Westlake's expenses incurred in filing the motion to compel.

## II.   REPORT AND RECOMMENDATION: DISMISSAL WITH PREJUDICE

The court turns first to Westlake's motion insofar as it asks the court to dismiss Bryant's case with prejudice. Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). Dismissal under this rule generally operates as an adjudication on the merits. *See* FED. R. CIV. P. 41(b). Likewise, other rules provide for dismissal as a sanction when a party disobeys a court order to provide discovery or when a party disobeys a scheduling order by not appearing at court-ordered mediation. *See* FED. R. CIV. P. 37(b)(2)(A)(v) (providing for dismissal as a sanction when a party fails to obey an order to provide or permit discovery, among other things); *see also* D. KAN. RULE 16.3(c)(5) (providing for sanctions under FED. R. CIV. P. 16(f) for noncompliance with the local rule

5

regarding mediation); FED. R. CIV. P. 16(f)(1)(C) (providing for sanctions for failing to obey a scheduling order, including dismissal under Rule 37(b)(2)(A)(v)). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).

Dismissal is appropriate in cases of willful misconduct. *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992). Before imposing dismissal as a sanction, the court must consider the non-exhaustive *Ehrenhaus* factors. *Id.* They include: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 920-21. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* at 921. Dismissal with prejudice is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.* In this case, all of the *Ehrenhaus* factors weigh in favor of dismissing Bryant's case with prejudice.

### A.     Degree of Actual Prejudice to Westlake

The degree of actual prejudice to Westlake is significant. It is clear from the record that Westlake has spent considerable time and resources trying to coax Bryant into participating in this case. This began with Westlake trying to obtain responses to its discovery requests. Westlake extended Bryant the courtesy of granting serial extensions and, when it became obvious that any further extensions would be futile because Bryant was not going to voluntarily provide those discovery responses, Westlake took the logical next step of filing a motion to

6

compel, which the court granted. Bryant has since disobeyed the court order to provide that discovery. The result is that Westlake still has none of the information it sought in discovery. In addition, Westlake was put to the time and expense of preparing for and attending Bryant's deposition and court-ordered mediation, where Bryant failed to appear. As Westlake points out, it has incurred substantial fees and costs litigating this case in which Bryant has not participated since her attorneys withdrew. The fact that Bryant now proceeds pro se and is not incurring the same expenses "only compounds prejudice to the defendant." *Jefferson v. Amsted Rail Co., Inc.*, No. CV 18-2620-KHV, 2020 WL 1672665, at *5 (D. Kan. Apr. 6, 2020).

### B.    Interference with the Judicial Process

Bryant's lack of participation in her case has also significantly interfered with the judicial process. For one, the scheduling order imposed a discovery deadline of October 20. But discovery has been at a standstill for months because of Bryant's lack of participation. This impacts not only the discovery deadline, but also subsequent settings triggered off that deadline, such as the deadline to submit the pretrial order, the November 3 final pretrial conference, the dispositive motion deadline, and the trial setting. At this point, Bryant has rendered the scheduling order meaningless. Meanwhile, the court has expended time and resources taking up Westlake's motions to address Bryant's nonparticipation in a case that she appears to not be interested in pursuing. Bryant's actions have undermined the orderly and efficient resolution of this case.

### C.    Bryant's Culpability

Bryant is culpable for her conduct. Her prior counsel informed her that she was responsible for complying with court orders and applicable procedural rules, including the scheduled mediation, and they provided her with a copy of the scheduling order and protective

order entered in this case. (ECF 19 ¶ 3.) Likewise, Westlake contacted Bryant multiple times to remind her about upcoming deadlines and complying with her discovery obligations. (*See, e.g.*, ECF 30-1; 30-2; 30-3; 30-4.) Despite this, Bryant has not communicated with Westlake or the court—much less come forward with any explanation for her nonappearances and lack of participation. Given her flagrant disregard for participating as required in this litigation, the court has no reason to believe that circumstances beyond her control have prevented her from appearing as required or complying with court orders and procedural rules. Rather, it appears that Bryant is no longer interested in pursuing her claims but has not extended Westlake the courtesy of taking steps to dismiss this case. This does nothing to further the "just, speedy, and inexpensive" determination of this action. *See* FED. R. CIV. P. 1.

### D. Previous Warning

The court's August 12 order warned Bryant that she could face sanctions, including dismissal of her case, if she did not comply with the court's directive that she fully respond to Westlake's discovery requests and show cause by September 2 why she should not pay Westlake's reasonable expenses incurred in bringing the motion. (ECF 27, at 3.) Despite the warning, Bryant did not comply with the court's order compelling discovery or take any other action in her case. Westlake's motion for sanctions also put Bryant on notice that she was facing dismissal of her case for her nonparticipation. Yet, Bryant still did not respond to Westlake's motion or its supplemental brief.

### E. Efficacy of Lesser Sanctions

Although the court has not previously sanctioned Bryant, the court does not believe that any sanction other than dismissal would be effective. Bryant has not participated in the case since her attorneys withdrew, and the court has no reason to believe that lesser sanctions would

now prompt a response. After all, Westlake's motion to compel previously sought its reasonable expenses, and yet Bryant was unfazed. She did not respond to the motion or provide the requested discovery. The court also warned Bryant that she could face sanctions, including dismissal, if she did not provide the court-ordered discovery responses or respond to the court's order to show cause. But, again, Bryant did not respond. In short, Bryant has shown no interest in prosecuting her case since her attorneys withdrew. Assessing lesser sanctions would only serve to drive up costs for Westlake and further waste judicial resources in a case that Bryant should have voluntarily dismissed months ago if she had no interest in participating.

### F.  Conclusion

In sum, the court finds that the *Ehrenhaus* factors all weigh in favor of dismissal and that Bryant's lack of participation is the result of willful misconduct. The court therefore recommends that the district judge dismiss this case with prejudice for Bryant's failure to prosecute her case, failure to comply with the court's August 12 order to provide discovery and to show cause, and failure to comply with the scheduling order by not appearing at court-ordered mediation. *See* FED. R. CIV. P. 41(b); FED. R. CIV. P. 37(b)(2)(A)(v). Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), Bryant may file specific written objections to this Section II—entitled "Report and Recommendation: Dismissal With Prejudice"—within fourteen days after being served with a copy of this Memorandum and Order. If objections are not filed within the fourteen-day time period, no appellate review of the factual and legal determinations in this Section II will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

### III. ORDER AWARDING REASONABLE FEES AND EXPENSES FOR BRYANT'S NONAPPEARANCES

Westlake also seeks an award of its reasonable expenses, including attorneys' fees, incurred in attending Bryant's deposition and mediation. The court has little trouble concluding that Bryant's conduct warrants monetary sanctions given her failure to respond to any of Westlake's numerous attempts to communicate with her and her failure to respond to any motions or show-cause orders in this case. In making this determination, the court first turns to whether her nonappearances were substantially justified or other circumstances make an award unjust. Next, the court will determine the amount of Westlake's reasonable expenses.

#### A. Substantial Justification or Other Circumstances Making an Award Unjust

The Federal Rules authorize the court to impose sanctions if a party fails to appear for a properly noticed deposition. FED. R. CIV. P. 37(d)(1)(A)(i). Likewise, when the court refers a case to mediation, the local rules require attendance "by a party or its representative with settlement authority . . . unless the court orders otherwise." D. KAN. RULE 16.3(c)(2). A party that violates a scheduling order and the local rules by failing to appear may face sanctions under FED. R. CIV. P. 16(f). *See* D. KAN. RULE 16.3(c)(5) (providing for sanctions under FED. R. CIV. P. 16(f)); FED. R. CIV. P. 16(f)(1)(C) (providing for sanctions for failing to obey a scheduling order); *Turner v. Young*, 205 F.R.D. 592, 595 (D. Kan. 2002) (finding that failing to send a representative with settlement authority exhibits "a lack of good faith, and could warrant sanctions under FED. R. CIV. P. 16(f)"). In both instances, the court may award the opposing party its reasonable expenses, including attorneys' fees, caused by the nonappearance unless the failure was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(d)(3); FED. R. CIV. P. 16(f)(2).

It is undisputed that Bryant did not appear for her properly noticed deposition and court-ordered mediation. And, because she has not responded to Westlake's motion, the court cannot conclude on this record that her nonappearances were substantially justified or that other circumstances make an award unjust. *See, e.g.*, *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010) (party facing Rule 37(c) sanctions bears to explain why it sound not be sanctioned). Bryant had fair notice of the scheduled mediation and her noticed deposition. Bryant's former counsel informed her of the scheduled date of the mediation and provided her with the mediator's name, address, phone number, and email address. (ECF 21 ¶ 1.) Westlake also reminded Bryant about the mediation via its July 9 and 21 correspondence to her. (ECF 30-1 & 30-2 & 30-3.) Westlake also repeatedly sought Bryant's input to schedule her deposition and, when Bryant did not respond to those inquiries, Westlake mailed and emailed the deposition notice to her. (*See* ECF 26 (deposition notice); ECF 30-1, at 1 ("As indicated in my July 9, 2021 correspondence (attached), I would like to take your deposition prior to the August 11, 2021 mediation. Accordingly, upon receipt of this correspondence, please contact me so we can discuss a time and date that is convenient for you."); ECF 30-3, at 1 ("As reflected in the Scheduling Order, your prior counsel agreed that Defendant would have the right to conduct Plaintiff's deposition prior to mediation. Despite several requests for your availability — both to your former counsel and yourself — you have failed to provide any dates for your deposition.").

Bryant's nonappearances at her deposition and mediation are part of Bryant's pattern of nonparticipation. She could have simply told Westlake's counsel that she would not attend her deposition or mediation, but she did not. Moreover, she did not respond to Westlake's motion to for sanctions, its supplemental brief, its motion to compel, or the court's order to show cause why she should not be taxed with Westlake's reasonable expenses in filing the motion to compel.

11

Because Bryant has offered no explanation for her inaction after multiple opportunities to do so, there is nothing in the record from which the court could conclude that her nonappearances were substantially justified or that other circumstances make an award of expenses unjust. For these reasons, the court finds that Westlake is entitled to its reasonable expenses, including attorneys' fees, for Bryant's nonappearances.

### B. Westlake's Reasonable Expenses

Westlake seeks an award of $11,528.97 in expenses and attorneys' fees incurred in connection with Bryant's nonappearances at her deposition and mediation. The court must independently analyze the reasonableness of the requested attorneys' fees. *See King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018) (reviewing an award of fees as a Rule 11 sanction). To assess the reasonableness, the court multiplies the hours counsel reasonably spent by a reasonable hourly rate. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).

Here, Westlake's counsel states that his standard hourly billing rate is $330 per hour but that he is representing Westlake at a discounted rate of $305. Westlake does not address the reasonableness of its counsel's rate, but the court finds $305 per hour is reasonable based on the court's own knowledge of rates charged by attorneys with comparable skill and experience practicing in the relevant geographic area. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998) ("Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate.").

The court also finds that many of the hours billed were reasonable. To demonstrate reasonable time expended, the party seeking fees must submit time records reflecting all hours for which it requests compensation and how the attorneys allocated those hours to specific tasks.

12

*Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000). The fee applicant should exercise billing judgment with respect to the number of hours worked and billed. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Billing judgment consists of winnowing hours actually expended down to hours reasonably expended. *Praseuth*, 406 F.3d at 1257.

Having reviewed counsel's time entries, the court finds the following time was reasonably expended: 5.2 hours preparing Westlake's mediation brief, as requested by the mediator; 9.4 hours preparing for Bryant's deposition; 1.5 hours traveling to and attending Bryant's deposition; 1.5 hours preparing Westlake's opening statement for mediation; 1.5 hours traveling to and attending the court-ordered mediation; and 4.9 hours preparing Westlake's supplemental memorandum in support of the fee award (which is itself limited to its reasonable fees and expenses). These all total 24 hours.

However, counsel's 14.4-hour round-trip travel time between St. Louis and Wichita is not reasonable under the circumstances. This is a routine employment case. Wichita has ample attorneys that could handle this case without imposing legal fees for large chunks of travel time. While it is certainly Westlake's prerogative to hire counsel of its choosing, the court does not find it reasonable to assess those fees to Bryant. The court also excludes 7.1 hours for Westlake preparing its motion for sanctions. Certainly, the court may award fees incurred in preparing a motion seeking fees. *See Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 4346965, at *7 (D. Kan. July 29, 2020) (fees for preparing the motion are taxable), *objections overruled*, No. 18-1145-JWB, 2020 WL 6939748 (D. Kan. Nov. 25, 2020). However, Westlake's motion for sanctions primarily focuses on asking the court to dismiss Bryant's claims, not on an award of fees and expenses. To that extent, Westlake would have incurred the expense associated with achieving dismissal at some point regardless of Bryant's lack of

participation because Westlake's alternative would have been to litigate the case on its merits, such as by filing a motion for summary judgment.

Westlake also seeks $1,311.47 in expenses for "hotel rental, milage fees, toll fees, court-reporting services, transcript fees, and defense counsel's meals." (ECF 33-1 ¶ 17.) Again, the court excludes travel-related expenses for the reasons stated above. However, the court will award Westlake its reasonable court reporter and room rental expenses totaling $225 and transcript fees totaling $176.15. (ECF 33-1, at 9.)

In conclusion, the court awards Westlake 24 hours of reasonable time expended at a rate of $305 per hour for a total of $7,320 in attorney's fees. The court also awards Westlake $401.15 in expenses. Bryant must tender payment of $7,721.15 to Westlake within fourteen calendar days from the date of this order and simultaneously file a notice of compliance with this order.

## IV.   WESTLAKE IS ENTITLED TO ITS REASONABLE FEES AND EXPENSES INCURRED IN BRINGING ITS MOTION TO COMPEL

The court also finds that Westlake is entitled to an award of its reasonable fees and expenses incurred in bringing its motion to compel. (ECF 24.) In the court's August 12 order granting Westlake's motion to compel as unopposed, the court ordered Bryant to show cause by September 2 why she should not be taxed with Westlake's reasonable fees and expenses incurred in bringing the motion. (ECF 27, at 3.) To date, Bryant has not responded. For the same reasons explained above, the court cannot find that Bryant's position (a nonresponse to the discovery requests and a nonresponse to the motion to compel) is substantially justified or that other circumstances make an award unjust. Bryant has chosen not to explain her inaction. For these reasons, the court directs Westlake to file a motion seeking the amount of fees incurred in bringing the motion to compel no later than **October 20, 2021**. Bryant's response is due no later

than **October 25, 2021**.  No reply brief will be allowed because the court intends to issue an order assessing fees before this case is dismissed.

**IT IS THEREFORE RECOMMENDED** that the district judge grant Defendant's Motion for Sanctions (ECF 30) in part to the extent that Westlake asks the court to dismiss this case with prejudice.  As explained above, Bryant may file specific written objections to Section II above—entitled "Report and Recommendation: Dismissal With Prejudice"—within fourteen days after being served with this Memorandum and Order.  As to any objections that are not timely asserted, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.

**IT IS ORDERED** that Defendant's Motion for Sanctions (ECF 30) is granted in part to the extent that the court awards Westlake $7,721.15 in fees and expenses incurred as a result of Bryant's failure to appear at her deposition and court-ordered mediation.  The motion is denied in part insofar as the court excludes certain requested fees and expenses.  Bryant must tender payment within fourteen calendar days from the date of this order and simultaneously file a notice of compliance with this order.

**IT IS FURTHER ORDERED** that Westlake is entitled to its reasonable fees incurred in filing its motion to compel.  Westlake may file a motion seeking the specific amount of fees and expenses it seeks no later than **October 20, 2021**, and Bryant's response brief is due no later than **October 25, 2021**.  No reply brief is allowed.

**IT IS FURTHER ORDERED** that the clerk's office shall send a copy of this Memorandum and Order to Bryant by both regular mail and certified mail, with return-receipt requested.

**IT IS SO ORDERED.**

15

Dated October 15, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge